UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES; WOMEN'S HELP SERVICES D/B/A 1ST WAY LIFE CENTER & FOCUS WOMEN'S CENTER; ROCKFORD FAMILY INITIATIVE; RELEVANT PREGNANCY OPTIONS CENTER, and PRO-LIFE ACTION LEAGUE, on behalf of themselves and their clients, <br><br>Plaintiffs, <br><br>v. <br><br>KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, <br><br>Defendant. | Case No.: 23-cv-50279 |

**PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65, Plaintiffs hereby move for an emergency temporary restraining order (with notice) and preliminary injunction against Defendant Attorney General of the State of Illinois Kwame Raoul and his agents, employees, and successors, and all those acting in concert with them (collectively, the "State"), restraining and enjoining the State from enforcing Senate Bill 1909 (103d Ill. Gen. Assem., 2023 Sess.) ("SB1909"). As further set forth in Plaintiffs' Memorandum in Support filed herewith and incorporated herein:

1. Plaintiffs are faith-based organizations that provide resources, support, counseling, and medical care to pregnant women. Plaintiffs and other such organizations do not

provide or refer for abortion or emergency contraception. They counsel instead in favor of alternatives to abortion. SB1909 defines Plaintiffs and other such pro-life organizations as "limited services pregnancy centers."

2. SB1909 singles out and restricts the pro-life speech of Plaintiffs and other such pro-life pregnancy help ministries. Organizations that provide or refer for abortion or emergency contraception are exempt from SB1909.

3. Under SB1909, Plaintiffs and other such pro-life organizations face various threats including, for example, costly investigations and lawsuits, steep fines, and/or dissolution.

4. The Governor signed SB1909 into law today, and Plaintiffs need immediate relief from its enforcement.

5. SB1909 violates Plaintiffs' freedom of speech that is protected under the First Amendment. It targets their pro-life speech based on content and viewpoint. SB1909 fails any applicable level of scrutiny because it is not narrowly tailored and is unjustified and unduly burdensome.

6. SB 1909 is unconstitutionally vague and overbroad. It fails to provide adequate notice for ordinary people to understand what conduct it prohibits and authorizes arbitrary and discriminatory enforcement. SB1909 also sweeps a substantial amount of clearly protected speech within its ambit.

7. SB1909 violates the Free Exercise Clause. SB1909 restricts the religiously motivated expressions of religious, life-affirming organizations while explicitly exempting the expressions of secular abortion facilities from the law's requirements.

8. Plaintiffs are likely to succeed on the merits.

9. Plaintiffs face irreparable harm as a result of SB1909.

10. The balance of harms and public interest favor a temporary restraining order and preliminary injunction preventing the enforcement of the flagrantly unconstitutional SB1909.

11. Plaintiffs served this motion by hand on Defendant before the hour of 2 p.m. on July 27, 2023.

WHEREFORE, Plaintiffs request that the Court enter an Order:

A. Granting this Motion.

B. Finding that SB1909 is facially unconstitutional.

C. Finding that SB1909 is unconstitutional as applied to Plaintiffs.

D. Restraining and enjoining the State from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with SB1909 such that:

   i. The State is barred from enforcing any provisions of SB1909 applicable to "limited services pregnancy centers" as defined in SB1909, or their staff, volunteers, and supports; and

   ii. The State is barred from taking any adverse action, directly or indirectly, on the basis of SB1909 against any "limited services pregnancy centers" as defined in SB1909, or their staff, volunteers, and supporters.

E. Relieving Plaintiffs from posting any bond.

F. Granting Plaintiffs such other and further relief that the Court deems just and proper.

Respectfully submitted,

THOMAS MORE SOCIETY

/s/Peter Breen
*One of Plaintiffs' Attorneys*

Thomas Brejcha
Peter Breen
Joan Mannix
Michael McHale[*]
Tyler Brooks[†]

3

                                                                                                THOMAS MORE SOCIETY
                                                                                             309 W Washington St, Ste 1250
                                                                                             Chicago, Illinois 60606
                                                                                             (312) 782-1680

[*] *pro hac vice to be filed, licensed solely in Nebraska*
[†] *licensed solely in North Carolina, South Carolina, Tennessee, and Michigan*