IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES et al., <br><br> Plaintiffs, <br><br> v. <br><br> KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, <br><br> Defendant. | No. 3:23-cv-50279 <br><br> Honorable Iain D. Johnston |

### EMERGENCY MOTION FOR EXTENSION OF TIME AND TO SET BRIEFING SCHEDULE

In minute entries issued on August 2, ECF 17, 18, the Court posed a series of questions it intends to ask at the hearing scheduled for today, August 3. The Attorney General respectfully requests that the Court first address the threshold questions of plaintiffs' standing and this Court's jurisdiction to entertain plaintiffs' motion and requested ultimate relief, and to set a briefing schedule regarding standing, jurisdiction, and also the questions the Court has posed. Pursuant to the Court's procedures, the undersigned placed a telephone call to the Operations Specialist at 8:04 am today, before filing the motion, and, in a voicemail, provided the general nature of the motion and the reason it requires emergency treatment. The undersigned also made reasonable efforts to provide the opposing party with actual notice of the motion by placing a telephone call to Peter Breen, counsel for plaintiffs, at 8:06 am today this morning using the number set forth in his appearance, ECF 2, and leaving a voicemail.

Although there is no need to analyze the Court's questions at this point, many of the Court's questions appear to go to the merits of plaintiffs' claims, which inquiry will be unnecessary, at least now, if the Court rules that plaintiffs lack standing and the Court lacks jurisdiction. For example, some of the questions would require the Attorney General to express

1

his view on conduct in which plaintiffs do not appear to assert any intent to engage. *E.g.,* ECF 17-1 at 1 ("Would a person who claimed that the Bible says abortion is murder be subject to penalties under the Act or subject a CPC to penalties?"). This presents serious problems under Article III, which forbids advisory opinions and adjudication of hypothetical injuries. *E.g., TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) ("Under Article III, federal courts do not adjudicate hypothetical or abstract disputes. Federal courts do not possess a roving commission to publicly opine on every legal question. Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities. And federal courts do not issue advisory opinions."). These concerns are only amplified in this context, where a federal court is called to determine the constitutionality of a state statute.

As noted, plaintiffs' complaint and motion present serious threshold Article III problems. To obtain their requested relief (most immediately, a preliminary injunction), plaintiffs must at the very least produce evidence of "specific facts, rather than general factual allegations," that establish they have suffered a constitutionally sufficient injury in fact. *Speech First, Inc. v. Killeen*, 968 F.3d 628, 638 (7th Cir. 2020) (cleaned up). They have not done so.

Plaintiffs suggest that their injury stems from "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, [which gives rise to] a credible threat of prosecution," *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). But as the Attorney General intends to argue in further detail in a written response to plaintiffs' motion, plaintiffs have not provided evidence of a "specific" course of conduct in which they intend to engage. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161 (2014). They say they wish to hand out brochures, for example (*see* Complaint ¶ 128), but they neither articulate the circumstances in which this activity would occur nor specify what forms of

speech or activities they will not pursue because of the enactment of SB 1909, codified at 815 ILCS 505/2BBBB(b) (the Act). This makes it impossible to determine whether plaintiffs' "intended future conduct is arguably proscribed by the statute they wish to challenge," as required to establish standing. *Susan B. Anthony*, 573 U.S. at 162 (cleaned up). This is critical given that the Act proscribes only "unfair methods of competition or unfair or deceptive acts or practices" in connection with certain activities. 815 ILCS 505/2BBBB(b).

The current record also makes it impossible to determine whether plaintiffs' intended course of conduct subjects them to a *credible* threat of future prosecution by the Attorney General. *See Susan B. Anthony*, 573 U.S. at 159 ("we have permitted pre-enforcement review under circumstances that render the threatened enforcement *sufficiently imminent*") (emphasis added); *see Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("A threatened injury must be *certainly impending* to constitute injury in fact.") (emphasis added). If plaintiffs do not explain with sufficient particularity what they intend to do (or not do), then neither the Court nor the Attorney General can evaluate whether plaintiffs' course of conduct exposes them to potential liability under the challenged law, much less whether it is *certainly impending* that the Attorney General will attempt to hold plaintiffs liable for it.

Further, as the Court has noted in another case, *Prim v. Raoul*, No. 3:20-cv-50094, 2021 WL 214641, at *3 (N.D. Ill. Jan. 21, 2021), attached as Exhibit 1, "[t]he standard pre-enforcement standing language noted above uses the words 'arrest' and 'prosecution.' This implies that pre-enforcement challenges apply to threats of criminal prosecution." And it raises the question "whether pre-enforcement challenges in non-criminal contexts must meet a different standard or whether such threats of civil litigation are sufficient at all." *Id.* Indeed, the Supreme Court reserved decision on this very issue. *Susan B. Anthony*, 573 U.S. at 166 ("we need not

3

decide whether that threat [of civil liability] standing alone gives rise to an Article III injury" because "[t]he burdensome Commission proceedings here are backed by the additional threat of criminal prosecution"). Plaintiffs have not offered any argument, much less made an evidentiary showing, that the civil liability available under the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/7, of which the challenged law constitutes a violation, *id.* 2BBBB(c), suffices as a credible threat of *prosecution* under controlling Supreme Court and Seventh Circuit authorities. The Attorney General intends to explain in a written response why it does not.

The Attorney General respectfully submits that, before the Court entertains questions on the merits, it should first address and resolve these threshold issues implicating its authority to entertain plaintiffs' motion and this case as a whole. *E.g., Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) ("We are required to consider subject-matter jurisdiction as the first question in every case, and we must dismiss this suit if such jurisdiction is lacking.") (cleaned up).

Accordingly, the Attorney General respectfully requests a deadline of August 21, 2023 (his current deadline to respond to the complaint, ECF 13), to file an omnibus motion to dismiss and response in opposition to plaintiffs' motion for temporary restraining order and preliminary injunction, raising solely the issue of Article III standing. In the alternative, the Attorney General would not oppose a request by plaintiffs to file an amended complaint to attempt to proactively address the deficiencies briefly sketched above.

Case: 3:23-cv-50279 Document #: 20 Filed: 08/03/23 Page 5 of 5 PageID #:514

| | |
|---|---|
| Dated: August 3, 2023 | Respectfully submitted, |
| | Defendant KWAME RAOUL, |
| R. Douglas Rees | Illinois Attorney General |
| Darren Kinkead | |
| Marci Sahinoglu | By: /s/ Darren Kinkead |
| Mary Johnston | |
| Office of the Illinois Attorney General | |
| 100 West Randolph Street | |
| Chicago, IL 60601 | |
| 312-814-3498 | |
| *richard.rees@ilag.gov* | |
| *darren.kinkead@ilag.gov* | |
| *marci.sahinoglu@ilag.gov* | |
| *mary.johnston@ilag.gov* | |